# In the United States Court of Federal Claims

No. 19-1576C

(Filed January 7, 2020)

NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                             *
MICHAEL JOHN KRISTIAN,                       *
                                             *
              Plaintiff,                      *
                                             *
     v.                                      *
                                             *
THE UNITED STATES,                           *
                                             *
              Defendant.                      *
                                             *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On January 6, 2020, the Clerk's office received from plaintiff an application for default judgment, presumably sought under Rule 55(b) of the Rules of the United States Court of Federal Claims (RCFC). The document was not filed when received because no proof of service was included---to the contrary, Mr. Kristian maintains that no service was necessary because defendant "was not represented in person." But the government has made an appearance in this case, *see* Notice of Appearance, ECF No. 6, and thus, the service exception of RCFC 55(b)(2) does not apply. In light of Mr. Kristian's *pro se* status, the Court will overlook this deficiency and allow the paper to be filed as an application for default judgment. In the future, any papers he wishes to file must be accompanied by a certificate of service indicating that a copy was sent to defendant's counsel and containing the information required by RCFC 5.3(a) (the day, manner, method of service, and the person served). Presently, the address of counsel is:

Kyle S. Beckrich
Trial Attorney, Commercial Litigation Branch
Civil Division – U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Although Mr. Kristian's application for default judgment is now filed, on its face the application is baseless and must be denied. Perhaps because he is representing himself in this matter, plaintiff seems to misunderstand the rules of this court. The basis for the application is that the government did not file an answer to the complaint within 60 days, as is required by RCFC 12(a)(1). But when the government files a motion under RCFC 12 or 56, the deadline for filing an answer is altered. RCFC 12(a)(4); *see Brandon v. United States*, No. 15-600C, 2015 WL 5175142, at *1 (Fed. Cl. Sept. 3, 2015). On December 9, 2019, the government timely filed a motion to dismiss this case under RCFC 12(b)(1)---as sixty days from the filing of the complaint was Sunday, December 8, 2019, pushing the deadline to the following Monday. *See* RCFC 6(1)(C). Should the Court deny the government's motion, the government's answer is then due within fourteen days of that denial, RCFC 12(a)(4)(i). Thus, the government is not in default, and plaintiff's application for default judgment is **DENIED**.

The Court recognizes that plaintiff may not have prepared his response to the government's motion to dismiss the case, despite the Order dated December 16, 2019, due to his unfounded belief that default judgment was warranted. Because Mr. Kristian is proceeding *pro se* and has demonstrated a lack of familiarity with this court's rules, the Court hereby allows Mr. Kristian an additional 17 days from the date of this order in which to file his response to the government's motion. That response must be received by the Clerk's office on or by **Friday, January 24, 2020**. Failure to properly respond by this date will result in the case being dismissed for failure to prosecute the matter, under RCFC 41(b).

Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and he is thus relieved of paying the filing fee.

**IT IS SO ORDERED.**

**VICTOR J. WOLSKI**
Senior Judge